The opinion of the Court was delivered by
WixheRs, J.
In behalf of the defendant we have had the benefit of an argument that deserves to be characterized as learned and able, tending to establish, first, that it is competent to the Court of Equity to make a decree for the payment of the whole sum secured by a mortgage, when application may be made to that Court for foreclosure, and that such decree is equivalent to a judgment at law, and may be pleaded accordingly ; second, that such a decree has in fact been rendered between these parties, having a full lien and now subject to be enforced, by various process, in a manner as ample as-the judgment now sought for the plaintiff, in the Common Pleas, could be; third, and therefore the plea filed in bar of this action, founded on that decree, which is between the same parties and on the same subject matter, should have been sustained against the demurrer by the plaintiff.
The direction which our deliberations have taken, renders it unnecessary to pronounce upon the first position above set forth, though it will hereafter be seen that the opinion of the Court of *264 Equity is adverse to the doctrine of the Circuit Judge, expressed in his report, as follows; “ I am of opinion the Court of Chancery had no jurisdiction except to order the mortgage to be foreclosed.” It is not to be disguised, that very great modification of the English ideas of the relation of mortgagor and mortgagee of the realty, of the mode of foreclosing such mortgage here, and the power of a Court of Equity in dealing with the mortgage debt, has arisen from our statutory provisions upon the subject : and the same may be said as to the virtue and efficacy of a money decree in Equity, (which by our statutes creates a lien and may be enforced as completely, and by the like means, as a judgment at law,) in furnishing the materials of a plea in bar in a proceeding between the same parties for the same debt, and upon the same bond. We pretermit all that might be said upon the species of estoppel by matter of record which has been urged at the bar, and well urged on the one side and the other, and proceed to the question upon which the decision of the present case must turn.
It is this: was the decree pronounced by the Court of Equity between these parties, upon an application by the plaintiff to foreclose the mortgage, a money decree for the debt sued for here? which is the substantial allegation of the plea in bar.
We have looked into the bill and find that it sets forth the bond of Joshua W. Toomer, and the mortgage to secure it, with a description of the mortgaged premises — the death of the mortgagor, leaving a will duly executed, and that defendant is his executrix. It also sets forth that the testator left surviving him, the defendant, his widow, certain children, (who are named), and the child of a deceased daughter. It is not said whether they are devisees or heirs at law. The prayer is, that the defendant may answer, that an account may be taken of what is due on the said bond and mortgage, and the said defendant, executrix, decreed to pay the same to the complainant, (the plaintiff here), with his costs and charges; and in default thereof, by a short day to be appointed, the said mortgaged premises may be decreed to be sold at public sale, and the defendant forever *265 barred and foreclosed of and from all right and equity of ie-demption in and to the mortgaged premises.
The Master, among other things, reported the* sum due upon the bond; the decree of the 6th day of'March confirmed the re-report, and ordered the defendant, executrix of" Joshua W. Toomer, “ to pay to the complainant the sum reported by the Master to be due, together with the interest hereafter to accrue, and the costs of the suit, on or before the 11th day of March, instant, Í being five days only), and in default thereof the equity of redemption in the mortgaged premises be forever barred and foreclosedand the Master was ordered to sell the mortgaged premises, on terms specified, and from the proceeds to pay, first, certain costs, then the complainant’s debt, and from the surplus, if any, to pay the costs of defendant’s solicitor, and any residue to the defendant, executrix. The bill contained no prayer for general or other relief than as already recited.
We cannot construe the decree, which has been substantially recited, as a money decree which created a lien upon the estate of Joshua W. Toomer, in the hands of the defendant as executrix, enforceable by process, as provided in the Act of 1785, but only as a decree that the mortgaged premises be sold, unless the money secured by the mortgage should be paid on or before the short day appointed. We think it manifest enough, that the object of the bill and of the decree, and the only purport of both, were to secure, by foreclosure, the benefit of the specific security; and the course of proceeding,, and the form of the decree, were such as we find them, from the uncertainty whether the proceeds of the specific security, upon sale, would prove to be too little, or otherwise. The debt was ordered to be paid only as a condition of escaping a foreclosure. If we were to construe the proceedings in question otherwise, very serious inconvenience, if not disaster, might fall upon the defendant in case the assets were insufficient to pay either the debts of the testator generally, or this particular debt; for besides that no enquiry had been made into debts and assets, nor any foundation for one laid in the pleadings in Equity, it is presumed that the process of *266 execution, as at law, permitted to decrees for money in equity, has not superseded the special mode of that jurisdiction by attachment.
We are amply fortified in such a conclusion, as we conceive, by the authority of the Equity Court of Appeals, to which this Court thought it prudent to address an inquiry. We have the opinion of that tribunal as follows:
1. That where the bill is for a foreclosure merely, without more, though the amount of the debt be ascertained by report, the confirmation of such report is no money decree.
2. That, in such a case, the creditor is at liberty, after foreclosure, to proceed upon the bond for whatever balance may still remain due to him.
3. But, that when the bill is not only for a foreclosure, but for the full payment of the debt, or for general relief, the plaintiff may, after foreclosure, apply to the Court where his bill is filed for further decree; and, in such case, a Law Court may refuse to take jurisdiction, upon the ground, either, that the party has had a remedy and neglected it, or, still has a remedy pending in a concurrent jurisdiction.
Without insisting that the plea in bar, iii-the present case, treats of a decree already pronounced as an estoppel, and, therefore, does not contemplate a case embraced by the third of the foregoing propositions, it is enough to remark that no foundation appears in the bill for foreclosure for further redress in the Equity jurisdiction.
It is presumed that Blake & Heyward (Bail. Eq. 208) is not in the way of our conclusion here, for (at p. 220) it is expressly stated in that case, as follows: “ The decree in the case before us establishes a sum of money to be due by the defendants in the original bill.” (who occupied precisely the condition of the defendant in our case), “ and not only subjects the land in dispute to the payment of it, but also directs that the balance, if any, after the sale of the land, shall be paid out of the estate of their testator.”
The motion is refused.
*267 O’Neall, Evans, Waedlaw, Frost and Whitner, JJ. concurred.

Motion refused.